| | |
|---|---|
| UNITED STATES OF AMERICA and KNOX COUNTY, TENNESSEE, *ex rel*, LYNNE LIDDINGTON, DIRECTOR OF AIR QUALITY MANAGEMENT FOR KNOX COUNTY, TENNESSEE,<br><br>Plaintiffs,<br><br>v.<br><br>CEMEX, INC., CEMEX CONSTRUCTION MATERIALS ATLANTIC, LLC, CEMEX CONSTRUCTION MATERIALS SOUTH, LLC, GCC of America, Inc., and GCC Permian, LLC,<br>Defendants. | Case No: 3:16-cv-471-HSM-HBG |

## SECOND AMENDMENT OF CONSENT DECREE

WHEREAS, the United States of America (hereinafter "the United States"), on behalf of the United States Environmental Protection Agency (herein "U.S. EPA") and Defendants GCC Permian, LLC ("GCCP"), a subsidiary of GCC of America, Inc. ("GCC") are parties to a Consent Decree entered by the Court on November 29, 2016 ("Consent Decree");

WHEREAS, the Consent Decree was subsequently modified by the "Amendment of Consent Decree to Transfer Odessa Obligations", which was approved by the Court on January 31, 2017.

WHEREAS, as allowed by Paragraph 103 of the original consent Decree in this case, U.S. EPA and GCC have agreed in writing to modify the terms of the Consent decree, related only to items pertaining to the Odessa, Texas facility, as set forth below;

WHEREAS, each of the undersigned parties has reviewed and hereby consents to this "Second Amendment of Consent Decree";

WHEREAS, the State Agency Settlors are not required to consent to and execute this "Second Amendment of Consent Decree" because none of the State Agency Settlors have jurisdiction over the Odessa, Texas facility impacted by the Consent Decree modifications addressed by this "Second Amendment of Consent Decree";

WHEREAS, Defendants CEMEX, Inc., CEMEX Construction Materials Atlantic, LLC, and CEMEX Construction Materials South, LLC, are not required to consent to and execute this "Second Amendment of Consent Decree" because GCC and GCCP are the sole owners and operators of the Odessa, Texas facility and solely responsible for the Consent Decree terms related to that facility, as recognized by the "Amendment of Consent Decree to Transfer Odessa Obligations";

WHEREAS, Paragraph 103 of the Consent Decree requires approval of this Amendment by the Court before it is effective;

NOW THEREFORE, the United States, GCC, and GCCP agree that, upon approval by the Court of this "Second Amendment of Consent Decree," the Consent Decree shall thereby be amended as follows:

1. The following provisions of the Consent Decree shall be modified as follows:

A. The portion of the table in Paragraph 18 related to Odessa Kiln 3 is deleted and related to Odessa Kilns 1 and 2 is modified to read:

| Odessa Kiln 1 | May 29, 2019 | 6.75 (interim limit, starting on May 29, 2017 and running until May 29, 2019); Final Limit determined per Paragraphs 24-27 |
|---|---|---|
| Odessa Kiln 2 | May 29, 2017 | 2.1 |

B. Paragraph 19 is modified to read:

Beginning on the Operating Day which is the 30th Operating Day after the deadline in Table 1 of Paragraph 18, Defendant shall demonstrate compliance with the applicable 30-Day Rolling Average Emission Limits in accordance with Paragraph 7.a., and thereafter Defendant shall continue to maintain such compliance, except with respect to Odessa Kiln 1, which shall commence compliance with an interim 30-Day Rolling Average Emission Limit of 6.75 lbs. $NO_x$/Ton of clinker, through combustion process optimization, no later than 180 days from Effective Date. In accordance with Paragraph 7.b., Defendant shall calculate a new 30-Day Rolling Average Emission Rate for each new Operating Day and shall maintain a record of each daily calculation of the rate for no less than five years.

C. Paragraph 22 is modified to read:

Odessa Kiln 1 will be Retired no later than May 29, 2019 unless (i) SNCR has been installed, Continuously Operated, and optimized on Odessa Kiln 1 following the procedures in Appendix C to design, install, and optimize the SNCR at Odessa Kiln 1 and (ii) the process setting a new final 30-Day Rolling Average Emission Limit for $NO_x$ Emissions for Odessa Kiln 1 pursuant to Paragraphs 24-27 has commenced and is followed.

D. Paragraph 23 is modified to read:

During the $NO_x$ Demonstration Period or any period before a final 30-Day Rolling Average Emission Limit for $NO_x$ Emissions for Odessa Kiln 1 is determined pursuant to Paragraphs 24-27, Defendant shall comply with the interim 30-Day Rolling Average Emission Limit of no greater than 6.75 lbs. $NO_x$/Ton of clinker at the Odessa Kiln 1, or be subject to stipulated penalties pursuant to Section XII (Stipulated Penalties).

E. The portion of Paragraph 60 at Table 3, at rows e. and f. are modified to read:

3

| | |
|---|---|
| e and f. Failure to comply with the requirements of Paragraph 0. | $25,000 for each Day Kiln 1 Operates past May 29, 2019 in violation of the requirements of Paragraph 22. |

  F. Appendix C, is modified to read:

At Paragraph 2.a.: Defendant shall submit to EPA for approval pursuant to Section X (Review and Approval of Certain Deliverables) of the Consent Decree within 60 days following the installation of SNCR on Kiln 1, a protocol (the "Optimization Protocol") for optimizing any SNCR installed on Odessa Kiln 1, including optimization of the operational parameters resulting in the minimization of emissions of $NO_x$ to the greatest extent practicable without violating any limits for other pollutants.

At Paragraph 6.g: During the Demonstration Period for Odessa Kiln 1, Defendant shall continuously meet the limit of 6.75 lbs./ton of clinker set forth in Paragraph 23 of the Consent Decree, as amended by the Second Amendment of Consent Decree.

At Paragraph 7.d: The proposed final 30-Day Rolling Average Emission Limit for $NO_x$ for Odessa Kiln 1 shall be no less stringent than 5.3 lbs. NOx/Ton of clinker, as specified in Paragraph 23 of the Consent Decree.

  2. Each undersigned representative of a Defendant and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into and amend the terms and conditions of the Consent Decree and this "Second Amendment of Consent Decree" and to execute and legally bind the party he or she represents to these documents.

  3. This "Second Amendment of Consent Decree" may be signed in counterparts, and its validity shall not be challenged on that basis.

  4. The Consent Decree, the "Amendment of Consent Decree to Transfer Odessa Obligations", and this "Second Amendment of Consent Decree" together constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the

4

settlement embodied therein and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied therein. No other document, nor any representation, inducement, agreement, understanding, or promise constitutes any part of the Consent Decree and this "Second Amendment of Consent Decree" or the settlement it represents, nor shall it be used in construing their terms.

## Order

Before the taking of any testimony, without adjudication of any issue of fact or law, and upon the consent and agreement of the Parties, it is:

ORDERED, ADJUDGED AND DECREED that this "Second Amendment of Consent Decree" is hereby approved and entered as a final order of this Court.

Dated and entered this 11 day of July, 2018.

/s/ Harry S. Mattice, Jr.
UNITED STATES DISTRICT JUDGE

[SIGNATURE PAGES OF THE PARTIES TO FOLLOW]

**Signature Page to the Second Amendment of Consent Decree in** *United States et al. v. Cemex Inc. et al.*

FOR THE UNITED STATES OF AMERICA:

_4/2/18_
Date

_[signature]_
JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

_[signature]_
ANDREW W. INGERSOLL
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, DC 20044-7611

Signature Page to the Second Amendment of Consent Decree in *United States et al. v. Cemex Inc. et al.*

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

3/20/16
Date

[signature: Rosemarie A. Kelley]
ROSEMARIE A. KELLEY
Director
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S Environmental Protection Agency

3/15/16
Date

[signature: Phillip A. Brooks]
PHILLIP A. BROOKS
Director, Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S Environmental Protection Agency

3/12/18
Date

[signature: Robert G. Klepp]
ROBERT G. KLEPP
Attorney, Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S Environmental Protection Agency

7

Signature Page to the Second Amendment of Consent Decree in *United States et al. v. Cemex Inc. et al.*

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

4/5/2018
Date

_____
CHERYL T. SEAGER
Director
Compliance Assurance and
 Enforcement Division
U.S. Environmental Protection Agency
Region VI

8

Case 3:16-cv-00471-HSM-HBG   Document 23   Filed 07/11/18   Page 8 of 9   PageID #: 257

**Signature Page to the Second Amendment of Consent Decree in** *United States et al. v. Cemex Inc. et al.*

                                        FOR GCC of AMERICA, INC., and GCC PERMIAN, LLC:

03/12/18
Date

ADAM T. DEVOE
Counsel for GCC of America, Inc. and
GCC Permian, LLC
Lewis Roca Rothgerber Christie, LLP
1200 Seventeenth St., Suite 3000
Denver, CO 80202

9